# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD P. LORITZ II, | |
| Plaintiff, | Case No. 2:06-CV-00735-KJD-RJJ |
| v. | **ORDER** |
| BONNIE DUMANIS, et al., | |
| Defendants. | |

Currently before the Court is Plaintiff's Ex Parte Motion for Injunctive Relief (#19), filed November 30, 2006. Defendants Bill Kolender (Kolender) and Bonnie Dumanis (Dumanis) filed a Response (#21), on December 11, 2006. To date, Plaintiff has not filed a reply.

Plaintiff alleges that his parole conditions violate his First Amendment right to freedom of speech, right to access the courts, and right to associate with family.[1] Plaintiff's Motion seeks a preliminary injunction "allowing him to communicate with San Diego attorneys, to travel to San

---

[1] Specifically, Plaintiff objects to special conditions of parole three and four. Condition three prohibits Plaintiff from contacting any employee or family member of the San Diego judicial system, including judges, district attorneys, attorneys, court clerks, and other officers of the court. Plaintiff is required to advise the parole and community services division 24 hours in advance of any correspondence or communication before being sent to court employees. Condition four prohibits Plaintiff from entering San Diego County throughout the duration of his parole, allowing travel to the county for court appearances only, and requiring notice to his parole officer two weeks prior to any such appearance. (Pl.'s Mot at Ex. 1.)

1  Diego to pass out fliers to inform the public about his website, and to post a website exposing
2  misconduct by the Distict Attorney's office in his criminal case." (Pl.'s Mot. at 4–5.)

**I. Preliminary Injunction Standard**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  A preliminary injunction is appropriate when a plaintiff can demonstrate either: (1) a combination of probable  success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor.  Lands Council v. Martin, 479 F.3d 636 (9th Cir. 2007)(citing  Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir.2003).  The two options represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  Oakland Tribune Inc. v. Chronicle Publishing Co., 762 F.2d 1374 (9th Cir. 1985).  The Ninth Circuit has held that as an "irreducible minimum," in order to grant a preliminary injunction, the moving party must demonstrate "a fair chance of success on the merits, or questions . . .  serious enough to require litigation."  Id.; Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 753 (9th Cir. 1982).  In addition to balancing the hardships the Court must also consider the public interest.  See Lands Council v. McNair, 494 F.3d 771 (9th Cir. 2007).

**A.  Possibility of Irreparable Injury and Probable Success on the Merits**

To establish that he has a probability of success on the merits, Plaintiff cites case law wherein the United States Supreme Court held that a "prior restraint is unconstitutional unless the censor institutes legal proceedings and proves the material is unprotected." (Pl.'s Mot. at 4, citing Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546, 559–60 (1975)).  Plaintiff further argues that "any restraint prior to judicial review can be imposed only for a specified brief period and only for the purpose of preserving the status quo."  Id.  Though Plaintiff is correct in his recitation of First Amendment law, he fails to account for the fact that what he classifies as a prior restraint is actually a

special condition of his probation, imposed by a court of law, following a thorough judicial proceeding. Furthermore, Plaintiff's interpretation of his parole conditions is not entirely correct.

Plaintiff claims that his parole conditions constitute a First Amendment violation because they "prohibit[] plaintiff from serving any responsive pleadings on defendants' in this case . . . prohibit[] plaintiff from calling defendants' counsel, and conferring with counsel as required by Local Rule 26-1(d)." A close inspection of the parole condition however, indicates that while being prohibited from making contact with court employees, the Plaintiff may correspond or communicate with a Court employee so long as he advises the parole and community services division 24 hours in advance.

Plaintiff also contends special parole condition four which prohibits him from entering San Diego county throughout the duration of his parole, except travel involving court proceedings. Plaintiff fails to allege why he believes this parole condition is overbroad or unconstitutional, and the Court has only the "reason for imposition" listed on Plaintiff's submitted Notice of Conditions of Parole Form to consider as reasons for the imposition of said parole conditions. According to the form, the special conditions were imposed due to Plaintiff's (1) commitment offense, (2) commitment offense and lack of control, (3) inappropriate correspondence with members of the judicial system, (4) commitment offense and safety and security concerns, and (5) his CCCMS classification. Without more information, the Court cannot make a determination regarding the constitutionality of Plaintiff's parole conditions.

Plaintiff also argues that his parole conditions do not allow him to post specific material on the internet, however Plaintiff fails to provide the Court with evidence of such condition, or the details regarding the imposition of said condition. Plaintiff alleges that Defendants Payne, Sanchez, and Jay Jay threatened that Plaintiff could be sent back to prison if he posted certain information on the internet. However, as the Court found in its Order of June 27, 2007, Plaintiff is a law school graduate who has demonstrated through his *pro se* pleadings that he is very knowledgeable of the legal system. For that reason the Court remains unpersuaded that alleged threats or comments

1 regarding Plaintiff going back to prison posed a meritorious threat to Plaintiff, who clearly
2 understands that such a procedure would first require a full judicial hearing and revocation of his
3 parole. (Court Order # 39 at 14.)  Here, Plaintiff's allegations of threats do not qualify as prior
4 restraint. Without evidence or proof of the alleged parole condition, or information regarding the
5 purpose for the alleged condition, the Court cannot make a determination regarding the prior restraint
6 issue in regard to Plaintiff's allegations of internet use prohibition.

7   While the Court recognizes that the loss of First Amendment Rights, for even minimal
8 periods of time may constitute irreparable injury, Plaintiff has failed to demonstrate that the current
9 circumstances—namely his parole conditions—constitute a violation of his First Amendment rights.
10 Elrod v. Burns, 427 U.S. 347, 373 (1976).  Furthermore, as explained above, the Court finds that
11 Plaintiff has failed to demonstrate a probability of success on the merits.

12   **B. Serious Questions Going to the Merits and Balance of Hardships**

13   "Serious questions" are "questions which cannot be resolved one way or the other at the
14 hearing on the injunction." Rep. of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988),
15 cert. denied, 490 U.S. 1035 (1989).  To be considered "serious" a question must be sufficiently
16 "substantial, difficult and doubtful" so as to require further investigation. Id.  Such questions need
17 not show a certainty or even probability of success, but they "must involve a 'fair chance of success
18 on the merits.'"  Id. (quoting Nat'l Wildlife Fed'n v. Coston, 773 F.2d 1513, 1517 (9th Cir.1985)).

19   Having reviewed Plaintiff's Motion, the Court finds that Plaintiff has failed to provide
20 sufficient argument or information to require further investigation at this point.  Furthermore,
21 Plaintiff has failed to demonstrate or even argue how the balance of hardships tips in his favor.

22   **C. Public Interest**

23   The Court has the discretion to weigh the benefits and burdens that granting or denying an
24 injunction would have on the public. The fact that an important public interest would be prejudiced
25 by an injunction may be a compelling reason for denying relief.  Furthermore, a trial court cannot
26 grant injunctive relief without adequate supporting evidence. See 42 Am. Jur. 2d Injunctions § 265.

Here, Plaintiff's current motion fails to provide sufficient evidence or reason as to why the Court should overturn the decision that Plaintiff's behavior—namely the commitment offense, lack of control, inappropriate correspondence with members of the judicial system, and posing safety and security concerns—should prohibit his presence in San Diego County, or from contacting court employees. The Plaintiff bears the burden of showing his entitlement to injunctive relief. Here however, the Plaintiff has failed not only to demonstrate a likelihood of success on the merits, or that the balance of hardships tips in his favor, but he has also failed to demonstrate the public interest in overturning the special conditions of his parole. Based upon the Notice of Conditions of Parole form, and absent further information regarding Plaintiff's case and history, the Court does not have the discretion to assume that it is in the public interest to abrogate Plaintiff's parole conditions.

**II. Conclusion**

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Injunctive Relief (#19) is hereby **DENIED**.

DATED this 21st day of September 2007.

_____
Kent J. Dawson
United States District Judge